IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta
MAR 28 2008
By: JAMES N. HATTEN, Clerk
Deputy Clerk

UNITED STATES OF AMERICA,

v.

SANTOS PRICE,

Defendant.

CRIMINAL CASE NO.

1:07-CR-290-JEC-RGV

## ORDER & OPINION

### Background

This case is before the Court on defendant's Objection to the Magistrate Judge's Report and Recommendation [29]. Defendant had previously filed Motions to Suppress Statements and Physical Evidence [8, 9]. The magistrate judge conducted a hearing, after which the defendant filed two post-hearing briefs [22 and 23] and the Government filed a response brief [27]. Thereafter, the magistrate judge issued a Report and Recommendation [28] denying the defendant's motion to suppress and defendant filed an Objection [29]. Defendant had made several arguments before the magistrate judge in support of his motion to suppress. While preserving all of those grounds here, the defendant has focused his present objection on a purported inconsistency between the arresting officer's testimony in the present proceeding and his previous testimony at a prior state

probation revocation hearing. Specifically, the officer's initial basis for questioning the defendant was the latter's failure to wear a seat belt: an omission that the officer says he noticed when the defendant cut in front of him to make a left hand turn. According to the officer,[1] he followed the defendant into an apartment complex parking lot and confronted him about this as the defendant was exiting his car. During the course of that interaction, the officer smelled a strong odor of marijuana; looked into the car, whose windows were down; saw marijuana in the ashtray of the console; arrested the defendant; and then searched the car, finding six baggies of marijuana and a pistol in the glove compartment of the car. That pistol is the basis of the present indictment, in which defendant is charged with being a felon in possession of a firearm. Subsequently, the defendant made an incriminating statement acknowledging his purchase of the gun.

Defendant notes that the justification for the officer's initial questioning of him was the defendant's failure to have been wearing a seatbelt while driving. Yet, defendant notes, failure to buckle one's seatbelt is a violation of the law only if done on a public street; the law does not require one to buckle up while on private property. Defendant notes that the apartment complex was on private

---

[1] All facts are drawn from the magistrate judge's Report and Recommendation unless otherwise noted.

2

property. Accordingly, defendant argues, if the officer only saw the defendant driving on private property, the officer would have had no justification to question the defendant.

The question then becomes whether the defendant was driving on private party or public property. The officer's testimony at the hearing was very detailed and very clear as to the fact that the officer had just observed the defendant while the latter was on a public street. He indicated that the defendant had cut in front of him, while making a left hand turn on a public street. At that point, the officer noticed that the defendant was not wearing his seatbelt. He was able to observe this because the defendant's windows were down and it was morning. (Transcript of November 5, 2007 (hereinafter "Transcript") at 13.) The officer then turned and followed the defendant, who had turned into an apartment complex and was parking his car. The officer approached the car as the defendant opened his door and began exiting. The officer directed the defendant to remain in the vehicle. He then approached the vehicle and the events noted above with regard to the officer's observation of the marijuana occurred.

Although the officer's testimony was very clear about the fact that defendant was driving on a public street when the officer first saw him, defendant argues now, and argued in a post-hearing brief, that the officer was contradicted by both his investigative report

3

and by his prior testimony at the state probation hearing. Although defense counsel presumably had access to the investigative report, he had not had an opportunity to review a transcript of the state hearing testimony prior to the federal suppression hearing. Accordingly, the magistrate judge agreed to keep the hearing record open for a week to enable counsel to review the state transcript. (Transcript at 40, 65.) Defense counsel did not request a new hearing, but instead articulated his arguments concerning the state testimony in his Amended Post-Hearing Brief.

Defense counsel likewise now relies on both the investigative report and the prior state testimony in support of his argument that the officer actually saw the defendant only when the latter was driving within the private property of the apartment complex, not on a public street. Defendant argues that if one concludes the former, then the officer did not have reasonable suspicion or probable cause to detain him and thereafter conduct a search that yielded the discovery of the firearm.

## Discussion

The Court has reviewed all of the testimony, from both hearings, and the investigative report. The Court does not conclude that the state testimony or the investigative report is necessarily inconsistent, in a material way, with the officer's very clear testimony before the magistrate judge: testimony that the magistrate

4

judge considered and credited.

As to the investigative report, the Court has seen nothing in that report that calls into question the officer's suppression hearing testimony. The Officer indicates that "while patrolling the 300 block of Scott Street in an unmarked city issued vehicle [,] I observed Mr. Price driving a silver Pontiac Grand Prix without a seat belt. I followed the vehicle until he parked, and approached the vehicle." (Am. Post-Hr'g Br. in Supp. of Def.'s Mot. to Suppress Statements and Evidence [23] at Attached Investigative Report, paginated as page 20.)

As defendant acknowledges, the above very brief recitation is not inconsistent with a conclusion that the officer first saw the defendant while the defendant was driving on a public street. Defendant argues, however, that the officer's testimony at the state revocation hearing does indicate that the defendant was driving in the parking lot of the apartment complex when the officer first observed him. It is true that, when asked at the state hearing when he had first seen the defendant, the officer answered, "Riding through the parking lot, the 300 block of Scott Street, I observed that individual not wearing a seat belt." (Am. Post-Hr'g Br. in Supp. of Def.'s Mot. to Suppress Statements and Evidence [23] at Attached State Probation Revocation (Hr'g Tr. at 15, lines 19-25, and 16, lines 1-7). Yet, the officer's subsequent response suggests that

5

he had followed the defendant into the apartment complex, instead of only observing the defendant driving within the complex:

> Q: You saw him driving a car and he was not wearing a seat belt?
>
> A: Yes.
>    ....
>
> Q: Approximately how far away were you from him?
>
> A: **We were almost entering the location at the same time**.
>
> Q: Once you saw him driving this car without a seat belt, what did you see next?
>
> A: Driving the car without a seat belt, he drove through the parking lot. He drove all the way around. I followed him until he came and he parked. Once he parked, exited the vehicle...

Id.

Presumably, the "location" in question was the apartment complex. If the officer observed the absence of a seat belt as he and the defendant were almost entering the complex, then they necessarily were outside the complex, on a public street, when this occurred. Admittedly, the officer's statement at the state hearing does not contain the detail concerning the route taken into the apartment complex that was provided by the officer at the suppression hearing, but, in its totality, it is consistent with the officer's testimony at the federal hearing that the defendant was seen driving outside the complex by the officer.

Also, of interest, defense counsel at the probation revocation

6

hearing was quite aggressive on many points, but he never cross-examined the officer concerning whether the defendant was on a public or private street, suggesting that defense counsel there perceived no problems in the officer's testimony on this one point.

Further, albeit the defendant did not request the magistrate judge to reopen the hearing, the latter did consider all of defendant's arguments on this contention and did review the prior testimony. Having done so, the magistrate judge concluded that the officer's testimony was "worthy of full credit and belief and finds Price's attack upon Officer Chambliss' credibility to be without merit." (Report and Recommendation [28] at 10; see full discussion id. at 9-10). The magistrate judge had an opportunity to assess the officer's credibility and the Court finds nothing in the prior state hearing testimony sufficient to undermine that assessment.

In addition, although apparently not advanced by the Government,[2] and therefore not discussed by the magistrate judge, the encounter between the defendant and the officer would seem to be justified even had the officer only seen the defendant driving without a seat belt when the defendant was inside the apartment complex.[3] Specifically,

---

[2] Again, there was no cross-examination on this point at the hearing, and the Government chose not to reply to the contentions contained in defendant's Amended Brief.

[3] In order to conserve the Court's resources, it has not taken the time to provide legal citations to the following discussion of

7

the officer would have needed reasonable suspicion or probable cause, depending on the level of the detention (seizure or arrest), to stop the defendant, wherever the defendant might have been located at the time of the stop. Thus, had the officer actually stopped the defendant at any point, the site of the officer's observation of the defendant would have mattered, because there would have been suspicion of a state law violation only if the act (not wearing a seatbelt) had occurred on a public street.

Here, however, the officer <u>never</u> stopped the defendant. Instead, the defendant had already parked his car and was exiting the car when the officer approached him. Admittedly, the officer detained the defendant momentarily when the officer, out of safety concerns, directed the defendant to stay in the car. Yet, this brief detention had no connection to the events that did create probable cause for the officer to arrest the defendant: the officer's observation of marijuana in plain view in the car.

The officer discovered nothing on the person of the defendant, nor did the defendant make any incriminating statement, during this brief detention. Instead, the officer noticed a strong odor of marijuana and, looking inside the car, observed marijuana in the ashtray. That defendant was sitting in the car when the officer made

---

search and seizure law. The principles identified, however, are straightforward and well-settled.

8

this observation did not lead to the observation. Indeed, the car windows were down and the officer would have been able to make the same observation and smell the same odor whether defendant was sitting in the car, or whether he had already walked away. As it was this observation of marijuana that provided the officer with probable cause to arrest the defendant and then to search the car, leading to the seizure of the pistol, defendant's presence in the car had no connection or effect on the officer's ability to make that observation. Indeed, the defendant was not arrested for a seatbelt violation; he was arrested for possession of a controlled substance. Thus, whether or not the defendant was observed on a public street or in a private complex without his seatbelt on had no effect on the discovery by the officer of the contraband that gave rise to probable cause to arrest the defendant and to search the vehicle.

In summary, the Court finds the magistrate judge Report and Recommendation to be well-reasoned and persuasive on this objection and on all other points raised by defendant below. Accordingly, the Court **ADOPTS** the Report and Recommendation [28] as the Court's Order, as supplemented by the discussion in this Order.

AO 72A
(Rev.8/82)

SO ORDERED this __28__ day of March, 2008.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE