# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SANTOS PRICE,     Movant, | :: :: :: | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | :: :: | CRIMINAL NO. 1:07-CR-0290-RWS-RGV-1 |
| UNITED STATES OF AMERICA,     Respondent. | :: :: :: | CIVIL ACTION NO. 1:15-CV-0625-RWS-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Santos Price's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 76]. For the reasons stated herein, the undersigned finds that this § 2255 motion is time barred and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See also Edwards v. United States, 295 F. App'x 320, 321 (11th Cir. 2008) (per curiam) (affirming district court's sua sponte denial of § 2255 motion as time-barred).

AO 72A
(Rev.8/82)

# I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned an indictment charging Price with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). [Doc. 1]. Price entered a negotiated guilty plea, [Doc. 51], and the Court sentenced him to 180 months of imprisonment, [Doc. 61]. Price appealed, and on November 18, 2009, the United States Court of Appeals for the Eleventh Circuit affirmed his conviction. United States v. Price, 353 F. App'x 308, 309 (11th Cir. 2009) (per curiam).

Price filed this pro se § 2255 motion on February 25, 2015.[2] [Doc. 76 at 8]. As grounds for relief, Price asserts that: (1) his guilty plea was involuntary; (2) the Court misapplied the sentencing guidelines when it enhanced his sentence under the Armed Career Criminal Act and found that he possessed a gun during the commission of a controlled substance offense; and (3) his attorney was ineffective for "grossly

---

[2] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

2

underestimating" the sentencing guidelines and failing to object to Price's prior conviction. [Id. at 1-8].

## II. DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, there is no claim that the circumstances set forth in subparagraphs (2) through (4) of § 2255(f) apply.

Price's conviction became final, for purposes of § 2255(f)(1), on February 16, 2010, ninety days after the Eleventh Circuit affirmed his sentence. See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's

3

affirmation of the conviction."); Sup. Ct. R. 13(1) (providing that a petition for a writ of certiorari must be filed within ninety days after the entry of judgment). Because Price did not file his § 2255 motion until February 25, 2015, approximately five years after his conviction became final, it is not timely under § 2255(f)(1).

Price has not alleged extraordinary circumstances that might excuse the late filing of his § 2255 motion. See Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) ("The statute of limitations can be equitably tolled where a petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (citation omitted). Instead, Price asserts that he is actually innocent of his "sentence." See generally [Doc. 76].

A plea of actual innocence, if proved, can overcome the one-year limitations period for filing a federal habeas corpus action. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)). To establish his actual innocence, a movant must persuade "the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329. "The [actual innocence] gateway should

4

open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 133 S.Ct. at 1936 (citing Schlup, 513 U.S. at 316). Price has not cited any "reliable evidence not presented at trial" to support his actual innocence claim. Accordingly, petitioner has failed to meet Schlup's demanding standard, and this § 2255 motion is due to be dismissed as untimely.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner

5

or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Price's § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

### IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 76], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 16th day of April, 2015.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE