IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SANTOS PRICE, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:07-CR-0290-RWS-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:15-CV-0625-RWS-RGV |

## ORDER

This case is before the Court on movant Santos Price's Objections [79] to the Final Report and Recommendation ("R&R") [77], which recommends that movant's 28 U.S.C. § 2255 motion to vacate his sentence [76] be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)") because the motion is time barred and further recommends that a certificate of appealability be denied.

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general

objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

Movant does not dispute the magistrate judge's finding that this § 2255 motion is not timely under § 2255(f)(1) because movant filed it approximately five years after his conviction became final. (Objections.) Movant also does not claim that the circumstances set forth in subparagraphs (2) through (4) of § 2255(f) apply and further has not alleged extraordinary circumstances that might excuse the late filing of his

2

§ 2255 motion. (Id.) Instead, movant reasserts the argument he presented to the magistrate judge that he is actually innocent of his sentence under the Armed Career Criminal Act . (Id. at 1-4.) Movant contends that his § 2255 motion and "his record . . . explain his . . . factual innocence." (Id. at 1.)

A plea of actual innocence, if proved, can overcome the one-year limitations period for filing a federal habeas corpus action. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)). To establish his actual innocence, a movant must persuade "the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329. "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 133 S.Ct. at 1936 (citing Schlup, 513 U.S. at 316).

Movant has not cited to any "reliable evidence not presented at trial" to support his actual innocence claim. Accordingly, movant has failed to meet Schlup's

3

demanding standard, and this § 2255 motion is untimely. Having conducted a careful review of the R&R and movant's objections thereto, the Court finds that the magistrate judge's factual and legal conclusions were correct and that movant's objections have no merit.

Accordingly, the Court **OVERRULES** the Objections [79], **ADOPTS** the R&R [77] as the opinion and order of the Court, **DISMISSES** this § 2255 motion [76] pursuant to Rule 4(b), and **DECLINES** to issue a certificate of appealability. The Clerk shall close the case.

**IT IS SO ORDERED** this 19th day May, 2015.

_____
**RICHARD W. STORY**
United States District Judge